**DON A.K. JAMES, JR.,**

        **Petitioner,**

  **v.**                              **Civil Case No. 26-C-1220**
                                          Crim. Case No. 22-CR-128

**UNITED STATES OF AMERICA,**

        **Respondent.**

---

## SCREENING ORDER

---

Petitioner Don A.K. James, Jr., was charged with one count of conspiracy to distribute and possess with the intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and 846 (Count One), two counts of possession of fentanyl with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(C), and 18 U.S.C. § 2(a) (Counts Two and Six), and one count of possession of fentanyl with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) (Count Seven). A jury trial was held, and a jury verdict was entered finding James guilty on all four counts on February 15, 2023. On June 1, 2023, the court imposed a sentence of 180 months as to each count to run concurrent with each other for a total term of 180 months imprisonment, and a total of 10 years of supervised release. Judgment was entered on June 5, 2023. James appealed his conviction to the Seventh Circuit Court of Appeals, and the Seventh Circuit affirmed the judgment on August 12, 2025. On July 10, 2026, James filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss

the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255.

In his § 2255 motion, James asserts that his Sixth Amendment right to counsel was violated due to counsel's ineffectiveness. More specifically, he alleges that his privately retained attorney failed to file motions to suppress the evidence obtained as a result of a traffic stop and a search of his phone and that he failed to withdraw due to a conflict of interest. James also alleges that the attorney appointed by the court to replace his retained counsel and/or his appellate counsel was ineffective in plea negotiations, in failing to seek a safety valve reduction and otherwise challenge the sentence range calculated under the United States Sentencing Guidelines, and in failing to have the jury selection process transcribed. Finally, James alleges that the court abused its discretion in denying his replacement attorney's motion for leave to file motions to suppress after the time for doing so elapsed.

From the face of the petition and from the record, the court is unable to determine whether James is entitled to relief. Accordingly, the government is directed to file a response to the petition within 45 days of the date of this order. The government's response should include a statement of its position as to whether an evidentiary hearing is required.

**SO ORDERED** this  14th  day of July, 2026.

_William C. Griesbach_
William C. Griesbach
United States District Judge

2