**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DON A.K. JAMES, JR.,**

**Petitioner,**

**v.** **Civil Case No. 26-C-1220**
**Crim. Case No. 22-CR-128**

**UNITED STATES OF AMERICA,**

**Respondent.**

---

## ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE

---

Petitioner Don A.K. James, Jr., and his brother, Frederick Brewer, were charged in a seven-count superseding indictment with distribution of fentanyl, possession with intent to distribute fentanyl, and conspiracy to traffic fentanyl. CR Dkt. No. 15. A jury trial was held, and a verdict was returned finding Petitioner guilty on all four counts against him on February 15, 2023. CR. Dkt. No. 91. On June 1, 2023, the Court imposed a sentence of 180 months as to each count to run concurrent with each other for a total term of 180 months imprisonment, and a total of 10 years of supervised release. Judgment was entered on June 5, 2023. CR Dkt. No. 115. Petitioner appealed his conviction to the Seventh Circuit Court of Appeals, which affirmed the judgment on August 12, 2025. CR Dkt. No. 149-1. On July 10, 2026, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In his § 2255 motion, Petitioner asserts that his Sixth Amendment right to counsel was violated due to counsel's ineffectiveness. More specifically, he alleges that his privately retained attorney, Brett Reetz, failed to file motions to suppress the evidence obtained as a result of a traffic stop and a search of his phone, that he failed to file a motion to dismiss Count Two of the indictment due to insufficiency of the evidence, and that he failed to withdraw due to a conflict of

interest. Petitioner also alleges that Attorney Scott Stebbins, who was appointed by the Court to replace Attorney Reetz, and/or his appellate counsel, Attorney Colleen Ramais, were ineffective in plea negotiations, in failing to seek a safety valve reduction and otherwise challenge the sentence range calculated under the United States Sentencing Guidelines, and in failing to have the jury selection process transcribed. Finally, Petitioner alleges that the Court abused its discretion in denying Attorney Stebbins' motion for leave to file motions to suppress after the time for doing so had elapsed. Petitioner requests a hearing on his claims. CV Dkt. No. 1. In his reply brief, Petitioner appears to have abandoned all arguments in support of his claim of ineffective assistance except the following: that the search of his phone was illegal, that the messages between Petitioner and a drug source were inadmissible hearsay, and that three jurors in his trial had a risk of bias. CV Dkt. No. 5.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish both that his attorney's performance was deficient and that the deficiency prejudiced him. *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particularized act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. For this reason, the Supreme Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Whether abandoned or not, none of Petitioner's claims for relief has merit. As for Attorney Reetz's failure to challenge the traffic stop and arrest of Petitioner on February 21, 2022, Attorney Reetz withdrew from the case and was replaced by Attorney Stebbins before trial. Attorney Stebbins filed the motion Petitioner requested, which the court denied both as untimely and on the merits based on what was essentially an offer of proof counsel made during a pretrial conference. CR Dkt. No. 140. The Court of Appeals rejected Petitioner's claim that this was error on direct appeal, and Petitioner offers no facts or argument that would warrant revisiting the issue now. CR Dkt. No. 149-1 at 4.

Petitioner's claims that counsel was ineffective in plea negotiations, in failing to seek a safety valve reduction and otherwise challenging the sentence range calculated under the United States Sentencing Guidelines are undeveloped and without merit. The fact that the Government refused to offer a disposition Petitioner found acceptable does not mean his attorney was ineffective in seeking such an agreement. As for safety valve and the Guideline sentence range, the Court made clear at sentencing that it would have imposed the same sentence regardless of the Guideline issues. As a result, any error would have been harmless, as the Court of Appeals held on direct review. CR Dkt. No. 149-1 at 5.

Petitioner argues that both trial and appellate counsel were ineffective in failing to challenge the search of his phone. Although the Government's expert stated that she could access the contents of the phone without the code by using extraction software, Petitioner argues that the Government's knowledge of the code shows that law enforcement obtained it by overhearing his phone conversation with his sister while he was in jail. He argues that his counsel failed to "investigate the details of how the extraction software works." CV Dkt. No. 5 at 2. Even assuming that Petitioner's speculative assertion is correct, Petitioner had no right to privacy to phone conversations while in jail. *United States v. Madoch*, 149 F.3d 596, 602 (7th Cir. 1998).

Furthermore, the supplemental materials submitted by Petitioner do not reveal an assertion by the Government's expert that she did in fact bypass the code to Petitioner's phone in order to extract data from it, but only that it is possible to bypass the code in some situations.

Petitioner also argues that the Government relied on insufficient evidence to obtain a search warrant of his phone and therefore violated his rights under the Fourth Amendment. But as the Government's affidavit in support of a search warrant explained, the Government had ample evidence that Petitioner was involved with illegal drug-related activity. CV Dkt. No. 3-1. The Government already had access to text messages by Petitioner's brother, Frederick Brewer, asking Petitioner about fentanyl pills. Brewer also called Petitioner from jail and spoke in a way that suggested he was concealing pills on his body. *Id.* at 20–23. This evidence was more than enough to constitute probable cause for investigators to obtain a search warrant for Petitioner's phone.

Petitioner further contends that the affidavit in support of the search warrant shows that the Government had already searched his phone illegally. The affidavit sought access to messages dated as early as January 4, 2022. Petitioner argues that the Government identified that particular date because they were aware of inculpatory messages between Petitioner and Brewer on that date. He argues that they could not have obtained that knowledge unless they had already searched his phone. But as the Government explains, the Government was aware of the messages because they had already searched Brewer's phone, not because they had illegally searched Petitioner's phone.

Petitioner argues that Attorney Reetz failed to file a motion to dismiss Count Two of the indictment due to insufficiency of the evidence by challenging the admissibility of text messages between him and a drug source identified as "AZ-GIO." He argues that the messages were hearsay and that they did not fall under the coconspirator exception of Federal Rule of Evidence 801(d)(2)(E). As the Government explains, however, Petitioner cannot raise challenges to the Court's evidentiary decisions to the extent the Court of Appeals already held that such challenges

would be frivolous. To the extent Petitioner raises a cognizable ineffective assistance claim, the claim fails on the merits. Petitioner's communications with AZ-GIO are authenticated. *See* Fed. R. Evid. 901. Furthermore, any statements by Petitioner to AZ-GIO would be statements of a party opponent and therefore admissible under Rule 801(d)(2)(A). AZ-GIO's communications to Petitioner constitute statements of a coconspirator under Rule 801(d)(2)(E). The fact that AZ-GIO was not charged, likely because he was not identified, is irrelevant.

Petitioner also argues that Attorney Reetz was ineffective because he had a conflict of interest due to his friendship with AUSA Timothy Funnel. Petitioner argues that "allowing your friendship to interfere with your clients [sic] representation" is "a conflict of interest, bias [sic], and ineffective." CV Dkt. No. 5 at 5. To show that his right to effective assistance of counsel was violated due to his attorney's conflict of interest, Petitioner needs to establish that his attorney had an actual conflict, and that the conflict adversely affected his attorney's representation of him. *United States v. Wright*, 85 F.4th 851, 858 (7th Cir. 2023).

Here, there are no allegations that suggest any conflict existed. An actual conflict exists if an attorney must decide between two different interests or between his own interests and those of his clients. *Id.* at 859. Petitioner assumes Attorney Reetz and AUSA Funnel were close friends because they addressed each other cordially and professionally in their communications about the case. In fact, this is and should be common practice among attorneys who appear in federal court. The fact that attorneys acted professionally toward one another does not even suggest a conflict of interest. Even if a conflict exists, an attorney's performance could be found adversely affected only if there was a reasonable likelihood that the attorney's performance would have been different absent the conflict. *Id.* at 859. Petitioner fails to show that Attorney Reetz had to make a choice between his own interests and those of Petitioner. As discussed above, Attorney Reetz reasonably

believed that the motions Petitioner wanted him to file would be considered frivolous. His failure to file those motions was not due to a conflict of interest.

Finally, Petitioner argues that Attorney Stebbins was ineffective in failing to request that the jury selection process be transcribed. He states that he "had concerns about the selection of jurors and believe[s] there was not a fair trial due to the pool of jurors and possible jurors." CV Dkt. No. 5 at 9. He alleges that the jurors included the wife of a detective who had worked on his case, a corrections officer employed at Brown County Jail, where Petitioner was held, and an individual who had worked with AUSA Alexander Duros.

In response to Petitioner's claim, the Court ordered a transcript of the voir dire in Petitioner's trial and has docketed the transcript in Petitioner's criminal case. *See* CR Dkt. No. 151. According to the transcript, the jury panel included a woman whose husband was a police officer who had worked with AUSA Duros, another woman whose husband had previously been on the drug task force and knew some of the prosecution witnesses, and a third woman whose husband worked at the Green Bay Correctional Institution. All three were struck either for cause by the Court or by one of the attorneys in the exercise of their peremptory challenges. *Id.* at 24:20–25:10; 45:07–10. None of them ultimately served as jurors in Petitioner's trial. Therefore, Petitioner's concerns about the jury selection process fail to support a § 2255 claim.

In sum, the record establishes that none of Petitioner's claims has merit and there is no need for an evidentiary hearing. Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (CV Dkt. No. 1) is therefore **DENIED**, and the case is dismissed. A certificate of appealability is denied, as the Court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment accordingly. The Court has considered the supplemental

materials submitted by Petitioner on October 13, 2026 (CV Dkt. No. 6). They do not affect the Court's decision.

Petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 60 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Petitioner decides to appeal, he should also request that the Court of Appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** this 27th day of October, 2026.

William C. Griesbach
United States District Judge